*P 12*

CONFIRMED FILE DATE: 7/9/2010

CAUSE NO. ___2010-42302___

| | | |
|---|---|---|
| JMA PROPERTIES, INC.; AND | § | IN THE DISTRICT COURT OF |
| RISING SUN INVESTORS | § | |
| **PLAINTIFFS** | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| LANDMARK AMERICAN | § | |
| INSURANCE COMPANY | § | |
| **DEFENDANTS** | § | _164_th **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **JMA PROPERTIES, INC., AND RISING SUN INVESTORS** (hereinafter, referred to as Plaintiffs) and file this, **Original Petition**, and for causes of action against **LANDMARK AMERICAN INSURANCE COMPANY**; (hereinafter, referred to as "Defendant"), would show unto the Court and the jury the following:

#### A.   DISCOVERY CONTROL PLAN

1.   Plaintiffs intend to conduct discovery under **Level 3** of Tex.R.Civ.P.190.

#### B.   PARTIES AND SERVICE OF PROCESS

2.   Plaintiffs own the property that is the subject of this lawsuit and is situated in **Harris County**, Texas.

3.   Defendant, **LANDMARK AMERICAN INSURANCE COMPANY** is an insurance company registered to engage in the business of insurance in the state of Texas. This Defendant may be served with personal service by a process server, or by certified mail, return receipt requested, by serving the **Texas Department of Insurance 333 Guadalupe St., Austin, TX. 78714-9104.**

**FILED**
Loren Jackson
District Clerk

JUL - 9 2010
Time: _4:00 PM_
Harris County, Texas
By _____
Deputy

**EXHIBIT**

**1**

## C.  STATUTORY AUTHORITY

4.     This suit is being brought in part, under the Tex. Bus. & Comm. Code, Sec. 17.41 *et seq.*, commonly known as the Deceptive Trade Practices and Consumer Protection Act, and cited in this Petition as "DTPA". This suit is also brought in part, under the Texas Insurance Code, Chap. 542.051 *et se.,*. and Tex.Civ. & Rem. Code §38.01 *et seq.*

## D.  JURISDICTION

5.     The Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6.     The Court has jurisdiction over Defendant, **LANDMARK AMERICAN INSURANCE COMPANY,** because Defendant engages in the business of insurance in the state of Texas and the causes of action arise out of Defendant's business activities in the state of Texas.

## E.  VENUE

7.     Venue of this action is proper in the county of suit because the property owned by Plaintiffs, and subject of this suit is situated in **Harris** County, Texas.

## F.  NOTICE AND CONDITIONS PRECEDENT

8.     **LANDMARK AMERICAN INSURANCE COMPANY** has been provided notice in writing, of the claims made by Plaintiffs in this petition, including a statement of Plaintiffs' actual damages and expenses in the manner and form required.

9.     All conditions precedent necessary to maintain this action and in order to maintain claim under the insurance policy in question have been performed, occurred, or have been waived by these Defendants.

## G.  FACTS

10.     This lawsuit arises out of the following transactions, acts, omissions, and/or events.  On or about September 13, 2008, Plaintiffs' property sustained catastrophic damage to its building and contents as a result of Hurricane Ike.  At that time, Plaintiffs were insured by a policy of insurance provided by Defendant, **LANDMARK AMERICAN INSURANCE COMPANY**, bearing policy number LHD363949 that insured the property for loss by windstorm.  The policy was in full force and effect on the date of Hurricane Ike, See attached Exh. A.

11.     All damages and loss to Plaintiffs' property were caused by a direct result of a peril for which Plaintiffs insured pursuant to the policy herein, windstorm/hurricane.

12.     Defendant, **LANDMARK AMERICAN INSURANCE COMPANY** sold this policy insuring the property in it's "as is" condition, insuring the property that is the subject of this lawsuit to Plaintiffs.

13.     Plaintiffs suffered a significant loss with respect to the property at issue and additional expenses as a result of Hurricane Ike.

14.     Plaintiffs submitted a claim to Defendant, **LANDMARK AMERICAN INSURANCE COMPANY** pursuant to the contract of insurance for damages as a result of Hurricane Ike.

15.     Defendant, **LANDMARK AMERICAN INSURANCE COMPANY** assigned a claim number.

16.     Plaintiffs have attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the Defendant, **LANDMARK AMERICAN INSURANCE COMPANY,** insurance policy.

17. Defendant, **LANDMARK AMERICAN INSURANCE COMPANY,** acting through its agents, servants, representatives and employees has failed to properly investigate, evaluate and adjust Plaintiffs' claim for benefits in good faith and has further failed to deal fairly with Plaintiffs.

18. Defendant, **LANDMARK AMERICAN INSURANCE COMPANY,** has failed and refused to evaluate the information surrounding facts regarding Plaintiffs' covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

19. Defendant, **LANDMARK AMERICAN INSURANCE COMPANY,** failed or refused and continues to fail or refuse to pay covered claims on a timely basis as required by the insurance contract and as required by the Texas Insurance Code.  Instead, **LANDMARK AMERICAN INSURANCE COMPANY** has wrongfully delayed or denied claims when liability for coverage under the policy was reasonably clear.

20.  . In contrast, Plaintiffs have cooperated with every request made by Defendants, **LANDMARK AMERICAN INSURANCE COMPANY,** and has displayed, at reasonable times, all of its relevant records, documents, buildings and contents that are subject of this catastrophic loss.

21. Defendant, **LANDMARK AMERICAN INSURANCE COMPANY,** has persisted in delay or denial to pay the full amounts due for Plaintiffs' claim even though a person of ordinary prudence and care would have done otherwise.

22. No reasonable basis exists for Defendant, **LANDMARK AMERICAN INSURANCE COMPANY,** to delay and/or refusal to provide covered benefits due and owing under the insurance policy in question.

- 4 -

23.     No reasonable basis has existed for Defendants, **LANDMARK AMERICAN INSURANCE COMPANY,** to delay and/or refusal to pay covered benefits due and owing under the insurance policy in question.

24.     Defendant, **LANDMARK AMERICAN INSURANCE COMPANY,** has misrepresented to Plaintiffs that the damage to the property was not in excess to the amount paid, even though the damage was caused by a covered peril.

25.     Defendant, **LANDMARK AMERICAN INSURANCE COMPANY,** failed to make an attempt to settle the claim in a fair manner.

26.     Defendant, **LANDMARK AMERICAN INSURANCE COMPANY,** failed to explain to Plaintiffs the reasons for the offer of an inadequate settlement. Specifically, Defendant, **LANDMARK AMERICAN INSURANCE COMPANY,** failed to offer Plaintiffs adequate compensation, without any explanations why full payment was not being made.

27.     Defendant, **LANDMARK AMERICAN INSURANCE COMPANY,** did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim.

28.     Defendant, **LANDMARK AMERICAN INSURANCE COMPANY,** refused and/or failed to properly evaluate the obvious structural damages to Plaintiffs' property, forcing the Plaintiffs to hire experts and incur additional expenses.

29.     Defendant, **LANDMARK AMERICAN INSURANCE COMPANY,** after conducting inspections of the subject damaged property and after having received Plaintiffs' opinions, refused and/or failed to pay undisputed monies/funds owed to Plaintiffs.

- 5 -

30.     Defendant, **LANDMARK AMERICAN INSURANCE COMPANY** used the undisputed monies/funds owed to the Plaintiffs as a negotiation tool, and held these funds ransom in an attempt to negotiate a settlement with the Plaintiffs for less than the total amount of the damages knowing full well that Plaintiffs' property was significantly damaged and Plaintiffs were in need of the money to repair the damages.

31.     Defendant, **LANDMARK AMERICAN INSURANCE COMPANY**, failed to affirm or deny coverage of Plaintiffs' claims within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, of the claims in writing from Defendant.

32.     Defendant, **LANDMARK AMERICAN INSURANCE COMPANY**, performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the property.

33.     Defendant, **LANDMARK AMERICAN INSURANCE COMPANY**, failed to meet their obligations under the Texas Insurance Code regarding acknowledging Plaintiffs' claims, beginning investigations to Plaintiffs' claims and requesting all information reasonably necessary to investigate Plaintiffs' claim within fifteen (15) days of receiving notice of Plaintiffs' claims.  Defendant's conduct constitutes violations of the *Texas Prompt Payment of Claims Act*. Tex. **Ins. Code. Section 542.055.**

34.     Defendants, **LANDMARK AMERICAN INSURANCE COMPANY**, failed to accept or deny Plaintiffs' claim within fifteen (15) business days of receiving all required information in violation of the *Texas Prompt Payment of Claims Act*. Tex. Ins. Code. Section 542.055.

35.     Defendant, **LANDMARK AMERICAN INSURANCE COMPANY**, failed to meet its obligations under the Texas Insurance Code regarding payment of

- 6 -

claims without delay. Specifically, Defendant **LANDMARK AMERICAN INSURANCE COMPANY,** has delayed full payment of Plaintiffs' claims longer than allowed and to date Plaintiff has not yet received full payment for the claims. Defendant, **LANDMARK AMERICAN INSURANCE COMPANY,** is in violation of the *Texas Prompt Payment of Claims Act.* Tex. Ins. Code. Section 542.055.

36.     From and after the time Plaintiff's claims were presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes breaches of the common law duty of good faith and fair dealing.

37.     As a result of Defendant's acts and omissions, Plaintiffs were forced to retain the undersigned attorney who is representing Plaintiffs in this cause of action.

### H.     CAUSES OF ACTION AGAINST DEFENDANT, LANDMARK AMERICAN INSURANCE COPMANY- COUNT I - BREACH OF CONTRACT

38.     Defendant, **LANDMARK AMERICAN INSURANCE COMPANY** (hereinafter, referred to as Defendant) conduct, as described above, constitutes a breach of the insurance contract made between Defendant and Plaintiffs.

39.     Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiffs. Plaintiffs' have suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees.

## COUNT III - NON-COMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 542: "THE PROMPT PAYMENT OF CLAIMS ACT"

40.     Defendant's conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act. Tex. Ins. Code Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

41.     Defendant is an entity that is required to comply with Tex. Ins. Code Section 542.052 *et seq.*

42.     Defendant's failure, as described above, to acknowledge receipt of Plaintiffs' claims, commence investigation of the claims, and request from Plaintiffs all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. Tex. Ins. Code Section 542.055 - 542.060.

43.     Defendant's delay of payment of Plaintiffs' claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a violation of prompt payment of the claims, Tex. Ins. Code Sections 542.055 - 542.060.

## COUNT IV - TEXAS DECEPTIVE TRADE PRACTICES ACT

44.     Plaintiffs bring forth each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

45.     At all material times hereto, Plaintiffs were consumers who purchased insurance products and services from Defendant.

46.     Defendant has violated the Texas Deceptive Trade Practices Act in the following manners:

- 8 -

(1)     Representing that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)     Failing to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)     Engaging in an unconscionable course of conduct.

(4)     At all material times hereto, Plaintiff was a consumer of insurance services or products of Defendant, and Plaintiff would show that Defendant's violations as set forth above, constitute a violation of the Texas Deceptive Trade Practices Act, causing Plaintiff damages.

(5)     By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendant has engaged in an unconscionable action or course of action as prohibited by the DTPA sec. 17.50(a)(1)(3) in that Defendant took advantage of Plaintiff's lack of Knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chap. 541, Texas Insurance Code.

## COUNT V - BREACH OF COMMON LAW
## DUTY OF GOOD FAITH AND FAIR DEALING

47.     Defendant's conduct, as described above, constitutes a breach of the common law duty of good faith and fair dealing owed to it's insured pursuant to the insurance contract.

48.    Defendant's conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

49.    Defendant's failure, as described above, to adequately and reasonable investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

### K.    KNOWLEDGE AND INTENT

50.    Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiffs' damages described herein.

### L.    DAMAGES AND PRAYER

51.    **WHEREFORE, PREMISES CONSIDERED,** Plaintiffs herein, complain of Defendant, **LANDMARK AMERICAN INSURANCE COMPANY,** and pray that, be cited to appear and answer and that on a final trial on the merits, Plaintiffs recover from Defendant the following:

52.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiffs.

53.    For breach of contract by Defendant, **LANDMARK AMERICAN INSURANCE COMPANY.** Plaintiffs are entitled to regain the benefit of its bargain, which is the amount of the claims, together with attorney's fees, Pursuant to Tex. Civ. & Rem. Code Sec. 38.01 *et seq*.

54.    For noncompliance with *Texas Prompt Payment of Claims Act* by Defendant, **LANDMARK AMERICAN INSURANCE COMPANY,** Plaintiffs are entitled to the

amount of its claims, as well as **eighteen (18)** percent interest per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which it may show itself to be justly entitled, Pursuant to Tex. Ins. Code Sec. 542.058 *et seq.* and 542.060 *et seq.*

55.      For violation of the Texas Deceptive Trade Practices Act by Defendant, **LANDMARK AMERICAN INSURANCE COMPANY,** Plaintiffs are entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiffs ask for **three (3)** times its actual damages, Pursuant to Tex. Ins. Code Ann. Section 17.50(b)(1).

56.      For violation of the Common Law Duty of Good Faith and Fair Dealing by Defendant, **LANDMARK AMERICAN INSURANCE COMPANY,** Plaintiffs are entitled to actual Damages, direct and indirect consequential damages, and exemplary damages.

### M.      JURY DEMAND

57.      Plaintiff respectfully demands a **trial by jury**.

### WRITTEN DISCOVERY

### N.      REQUEST FOR DISCLOSURE

58.      Pursuant to Rule 194, you are requested to disclose, within **fifty (50)** days of service of this request, the information or material requested in Rule 194.2(a)-(l).

- 11 -

## O.   **INTERROGATORIES**

118.   A Certificate of Written Discovery is attached, and Plaintiff's First Set of Interrogatories to Defendant, **LANDMARK AMERICAN INSURANCE COMPANY,** is being served with this Petition.

## P.   **REQUEST FOR PRODUCTION**

119.   A Certificate of Written Discovery is attached, and Plaintiff's First Set of Request for Production to Defendant, **LANDMARK AMERICAN INSURANCE COMPANY,** is being served with this Petition.

Respectfully submitted,

**The Merlin Law Group**

By: _____

Javier Delgado, Esq.
State Bar No: 24066339
Three Riverway, Suite 1375
Houston, Texas 77056
Email: jdelgado@merlinlawgroup.com
Telephone: 713-626-8880
Facsimile: 713-626-8881

**ATTORNEY FOR PLAINTIFFS,
JMA PROPERTIES, INC. AND
RISING SUN INVESTORS**